IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ELI McCOY, | No. 2:23-CV-1636-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for the appointment of counsel, ECF Nos. 4 and 5.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff asserts that appointment of counsel is warranted because he is disabled. Attached to Plaintiff's motions is a document, apparently issued by the prison, indicating that Plaintiff requires assistance with various tasks including reading, writing, reminders, etc. See e.g. ECF No. 4, pg. 2. In his second motion, Plaintiff states that he is currently receiving assistance from another inmate. See ECF No. 5, pg. 1. Plaintiff does not state what his disability is, though it appears to relate to mental impairments.

Here, Plaintiff has not demonstrated exceptional circumstances. Specifically, Plaintiff does not state what his disability is or the precise nature of his limitations. Further, according to Plaintiff's motions, Plaintiff is being provided assistance by the prison, another inmate, or both. A review of Plaintiff's filings to date in this case indicate that he is able to articulate himself adequately with the assistance being provided. Finally, at this stage of the proceedings before the Court has screened Plaintiff's complaint, the Court cannot say that Plaintiff has established any particular likelihood of success on the meris or that the claims and facts involved are overly complex.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's requests for the appointment of counsel, ECF Nos. 4 and 5, are denied.

Dated: September 1, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE