IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ELI MCCOY,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. 2:23-CV-1636-DMC-P<br><br><br>ORDER |

        Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1  entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,
2  concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to
3  Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice
4  of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121,
5  1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity
6  overt acts by specific defendants which support the claims, vague and conclusory allegations fail
7  to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening
8  required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Sacramento Police Department, and (2) Powder, police officer, badge number 772. See ECF No. 1, pg. 1.

Plaintiff summarizes the alleged violations in the Supporting Facts section of the complaint but includes a more detailed account of the violation on an attached Correctional Services Grievance Form. See id. at 5. The receiving officer of the Correctional Services Grievance Form notes that the alleged violation took place during Plaintiff's arrest. Id.

After his arrest, Plaintiff was placed in Defendant Powder's police squad car. Id. at 5. Plaintiff then informed Defendant Powder that he was having medical issues and that he wanted to go to the hospital. Id. Defendant Powder responded by saying that this was an ongoing issue with Plaintiff, and that going to the hospital was a big waste of time. Id. Defendant Powder told Plaintiff that if Plaintiff made him take Plaintiff to the hospital, he would be making an enemy of Defendant Powder, and that Defendant Powder would stop and harass Plaintiff every time he saw him. Id. Defendant Powder also said that he would harass everyone he saw near Plaintiff. Id.

When Plaintiff and Defendant Powder arrived at the emergency room at Kaiser North Hospital, Defendant Powder handcuffed Plaintiff behind his back and ordered him to lay down on his back on a gurney. Id. at 3, 5. Plaintiff is overweight, which he says made being handcuffed behind his back difficult. Id. This caused the handcuffs to cut into Plaintiff's skin

and cut off blood circulation in his hands, resulting in excruciating pain. Id. at 5. Plaintiff suffered this pain for several hours. Id.

## II.  DISCUSSION

Plaintiff has not presently stated cognizable claims. Plaintiff has failed to allege facts to establish municipal liability of Sacramento Police Department. Plaintiff has not made out a valid claim for excessive force under the Fourth Amendment.

### A.  **Municipal Liability**

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Plaintiff names the Sacramento Police Department as a Defendant, which is a municipal agency. Plaintiff has not, however, alleged any facts as to a municipal policy or custom which resulted in a constitutional violation. Plaintiff will be provided leave to amend.

### B.  **Excessive Force**

The Fourth Amendment requires that police officers use only "objectively reasonable" force "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). To determine whether an officer's use of force was reasonable, courts must balance the "nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake." Davis v. City of Las Vegas, 478 F.3d 1048, 1054 (9th Cir. 2007) (internal quotations and

citations omitted). This balancing act requires courts to "assess the quantum of force used" and then "measure the governmental interests at stake" by considering the following three factors: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." Id. (internal quotations and citations omitted).

Of these three factors, the most important is whether the suspect posed an immediate threat to the safety of the officers or others at the time force was applied. Graham, 490 U.S. at 396. The Graham factors, however, are not the only factors. George v. Morris, 736 F.3d 829, 837-38 (9th Cir. 2013). In fact, courts must "examine the totality of the circumstances and consider 'whatever specific factors may be appropriate in a particular case, whether or not listed in Graham.'" Bryan v. MacPherson, 630 F.3d 805, 826 (9th Cir. 2010) (quoting Franklin v. Foxworth, 31 F.3d 873, 876 (9th Cir. 1994)). For instance, courts may look at "the availability of less intrusive alternatives to the force employed, whether proper warnings were given[,] and whether it should have been apparent to officers that the person they used force against was emotionally disturbed." Glenn v. Washington Cnty., 673 F.3d 864, 872 (9th Cir. 2011) (citations omitted).

Here, Plaintiff alleges an excessive force claim against Defendant Powder. However, the allegations are insufficient in their present form. Plaintiff claims that the placement of the handcuffs behind his back while laying down caused pain because he is overweight. See ECF No. 1 at 3. Plaintiff does not state the reason for being placed in handcuffs, nor mention any underlying crime. There are insufficient facts in Plaintiff's complaint that would allow the Court to weigh the totality of the circumstances in its determination of whether Plaintiff has stated a Fourth Amendment claim for excessive force. Plaintiff will be granted leave to amend his complaint to allege additional facts concerning his claim that Defendant Powder used excessive force in violation of the Fourth Amendment.

/ / /

/ / /

/ / /

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: January 23, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE